USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2|16|10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ANNE LOWN, ALICE BERGERON, STEVEN BIELARSKI,
KATHLEEN COGAN-KOZUSKO, DIANE COPES, MARY
JANE DESSABLES, ERIC FINE, MARGARET GEISSMAN,
SHANTEE GORDON, JESSICA GORHAM, KYOKO
INOUYE, ALFREDA LEE-KATZ, PETR NIKICHIN,
ESTELA NUNEZ, MARINA OBERMAIER, JAMES
PRESLEY, DANIEL QUANE, ANJA TAEKKER,

              Plaintiffs,

              -against-

THE SALVATION ARMY, INC., THE CITY OF NEW
YORK, JOHN B. MATTINGLY, Commissioner, New York
City Administration for Children's Services, NEIL
HERNANDEZ, Commissioner, New York City Division of
Juvenile Justice, DIANA JONES RITTER, Commissioner,
New York State Office of Mental Retardation and
Developmental Disabilities, RICHARD F. DAINES, M.D.,
Commissioner, New York State Department of Health,
ROBERT SHERMAN, Commissioner, Nassau County
Department of Social Services, JANET DEMARZO,
Commissioner, Suffolk County Department of Social Services,

              Defendants.

04-CV-01562 (SHS)
(Electronically Filed)

**SETTLEMENT AGREEMENT**

---

WHEREAS Anne Lown ("Lown"), Alice Bergeron, Steven Bielarski, Kathleen Cogan-Kozusko, Diane Copes, Mary Jane Dessables, Eric Fine, Margaret Geissman ("Geissman"), Shantee Gordon, Jessica Gorham, Kyoko Inouye, Alfreda Lee-Katz, Petr Nikichin, Estela Nunez, Marina Obermaier, James Presley, Daniel Quane, and Anja Taekker (collectively, the "Individual Plaintiffs") commenced the above-captioned action (the "Action") against The Salvation Army and The City of New York; John B. Mattingly, Commissioner, New York City Administration for Children's Services; Neil Hernandez, Commissioner, New York City Department (s/h/a "Division") of Juvenile Justice; Diana Jones Ritter, Commissioner, New

York State Office of Mental Retardation and Developmental Disabilities; Richard F. Daines, M.D., Commissioner, New York State Department of Health; Robert Sherman, former Commissioner, Nassau County Department of Social Services; and Janet DeMarzo, Commissioner, Suffolk County Department of Social Services (collectively, the "Government Defendants"); and

WHEREAS the Individual Plaintiffs are current and former employees of The Salvation Army who work or who formerly worked in the Social Services Department or in the former "Social Services for Children" department of the Greater New York Division of The Salvation Army; and

WHEREAS the Greater New York Division of The Salvation Army has provided and continues to provide social services through its Social Services Department pursuant to contracts with Government Defendants that are the subject of and are particularly described in the Amended Complaint in the Action and that the Individual Plaintiffs and Government Defendants have agreed shall be the subject of this Settlement Agreement (the "Government Funded Services"); and

WHEREAS the Action alleged, inter alia, that The Salvation Army engaged in religiously discriminatory and retaliatory employment practices against the Individual Plaintiffs, in violation of New York City, New York State, and federal law, and of the Constitution, and the Individual Plaintiffs further asserted that the Government Defendants were constitutionally obligated to monitor Salvation Army social services programs to ensure that government funds were not being used for religious indoctrination, prayer or discrimination; and

WHEREAS by its Opinion and Order entered on October 3, 2005 (the "Order"), the Court dismissed the Amended Complaint in the Action except (1) the Individual Plaintiffs' Establishment Clause claim against the Government Defendants predicated on taxpayer standing,

-2-

as set forth in the Fourth Cause of Action in the Amended Complaint and (2) the claims brought by plaintiffs Lown and Geissman against The Salvation Army pursuant to state and city law, as set forth in the Sixteenth and Seventeenth Causes of Action in the Amended Complaint, for retaliatory employment practices (the "Retaliation Claims"); and

WHEREAS the Government Defendants deny all wrongdoing alleged in this action and deny any liability whatsoever to the Individual Plaintiffs and the Individual Plaintiffs do not concede to the Government Defendants' denials; and

WHEREAS the Government Defendants and the Individual Plaintiffs by this Settlement Agreement wish to settle and dispose of the remaining Establishment Clause claim described above (the Fourth Cause of Action) as well as all constitutionally based Equal Protection and Free Exercise Claims arising under the federal and State constitutions (the First, Second, Third, Fifth, Sixth, Seventh and Eighth Causes of Action); and accordingly, plaintiffs will take no appeal from the dismissal of such claims; and

WHEREAS the only claims that will remain unresolved will be the Retaliation Claims that are currently being pursued in the District Court against The Salvation Army (the Sixteenth and Seventeenth Causes of Action), and any appeal from the District Court's dismissal on October 3, 2005 of plaintiffs' employment discrimination claims arising under Title VII of the 1964 Civil Rights Act and New York State and New York City Human Rights laws against The Salvation Army (the Ninth through Fifteenth Causes of Action), which claims and Causes of Action are hereby expressly excluded from the scope of this Settlement Agreement; and

WHEREAS the Government Defendants have entered into supplemental agreements variously governing, from agency to agency, the auditing and/or the regulating of government-funded Salvation Army programs, the provision of informed consent notifications designed to protect the religious freedom of beneficiaries of Salvation Army government-funded

-3-

programs, and the reporting on the auditing process for a period of two years (the "Supplemental Agreements"), and/or describing terms of understanding specific to each Government Defendant agency; and

WHEREAS the Supplemental Agreements are incorporated into this Settlement Agreement (as hereafter used, the term "Agreement" will describe both the Settlement Agreement and the Supplemental Agreements);

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth here, and with the intent to be legally bound, it is hereby agreed by and among the undersigned as follows:

1.    The Government Defendants agree that to the degree that The Salvation Army allocates funds that it receives from government sources to operate the Government Funded Services in order to pay indirect costs of administrative overhead and support, the Government Defendants shall reaffirm, in writing, the requirement that The Salvation Army allocate such indirect costs only as provided by law, any applicable regulations or protocols, and the contracts between the Government Defendants and The Salvation Army. The Government Defendants will be found to have discharged this responsibility if within forty-five days of the entry of this Consent Decree they forward a written statement to The Salvation Army, with a copy to plaintiffs' counsel, setting forth a reaffirmation of such applicable regulations, protocols and contracts.

2.    The Government Defendants agree that they shall require The Salvation Army, in providing the Government Funded Services, to refrain from requiring any recipients of such services to engage in any inherently religious activities, such as worship, religious instruction and proselytization, as provided by law, applicable regulations and/or protocols, and their contracts with The Salvation Army.

3.    The Government Defendants agree that they shall require The Salvation Army, in providing the Government Funded Services, to refrain from discriminating in favor of or against any recipient or prospective recipient of such services on the basis of religion or religious belief or absence thereof, as provided by law, applicable regulations and/or protocols, and their contracts with The Salvation Army.

4.    The Government Defendants agree that they shall require The Salvation Army to comply with all current and any new audit or other procedures considered reasonably necessary by the Government Defendants to verify the agreements contained in paragraphs 1, 2, and 3 above.

5.    As further set forth in the appended Exhibits A-F, the Government Defendants agree that they will conduct, in such manner and form as they deem appropriate, audit procedures to monitor compliance by The Salvation Army with the provisions of paragraphs 1, 2 and 3 above.

6.    The agreements, duties and obligations set forth in paragraphs 1 through 5 above and in Exhibits A through F hereto are undertaken or entered into by and between the plaintiffs and each Government Defendant individually and separately, so that a failure of performance by one Government Defendant shall not be construed as a failure by any other.

7.    Nothing contained here shall be deemed to be an admission by the Government Defendants or any of their officials, employees, agents or representatives that they have in any manner or way violated the rights of any Individual Plaintiff, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York, or the City of New York or any other rules, regulations or bylaws of any department or subdivision of the State of New York, the City of New York, Nassau County or Suffolk County, and the Government Defendants specifically disclaim any

liability to, or any wrongful, discriminatory, or unlawful acts against, the Individual Plaintiffs or any other person on the part of any of the Government Defendants.

8.      Nothing contained here shall be deemed an admission by the Individual Plaintiffs of the absence of any such fault, wrongdoing, culpability, or liability.

9.      The Agreement shall not be used by any party in any civil or administrative action or proceeding except in an action to enforce its terms.

10.      No appeal shall be taken by any party from the October 3, 2005 dismissal of Individual Plaintiffs' First through Eighth Causes of Action as set forth in the Amended Complaint in this Action. However, plaintiffs retain the right to appeal from the October 3, 2005 dismissal of the Ninth through Fifteenth Causes of Action as asserted against defendant The Salvation Army.

11.      The Agreement and the rights and obligations of the parties hereto shall be governed by and construed and enforced in accordance with the substantive laws of the State of New York. The parties represent that they have each consulted with and have been advised by counsel of their own choosing in connection with the Action and/or the Agreement. The parties further acknowledge that each party and its counsel have reviewed, negotiated and revised the Agreement, and that the language in all parts of the Agreement shall be construed, in all cases, according to its fair meaning, and that any rule of construction to the effect that any ambiguities are to be resolved against the drafting party is inappropriate and shall not be employed in the interpretation of the Agreement.

12.      The Agreement, including any exhibits referred to here, sets forth the entire agreement and understanding among the parties with respect to the subject matter hereof, shall inure to the benefit of the parties and their respective successors and assigns, and merges

and supersedes all such prior discussions, agreements and understandings among the parties with the exception of the Stipulation and Protective Order filed here on July 12, 2006.

13.    The Agreement may not be amended except by a writing signed by the parties and So Ordered by the Court.

14.    In the event any term, covenant, or provision of the Agreement shall be determined to be illegal, invalid or unenforceable, the remainder thereof shall not be affected thereby, and each term, covenant, or provision of the Agreement shall be valid and enforceable to the full extent permitted by law.

15.    The Agreement may be executed in counterparts.

16.    Upon the Court's so-ordering the Agreement, the parties' obligations, rights and responsibilities under the Agreement and the Agreement's terms and conditions shall commence.  All claims set forth in plaintiffs' First through Eighth Causes of Action shall be dismissed with prejudice. Suffolk County's cross claim against the Salvation Army shall be dismissed with prejudice.  The dates of any reports due to plaintiffs pursuant to this agreement shall be determined with reference to the date the Agreement is "so ordered by the Court.,

17.    The Court shall retain jurisdiction over this action for a period of two years from the date the Agreement is "So Ordered" by the Court, for the purpose of enforcing the provisions of the Agreement.  The parties agree to engage in good-faith remediation of any issues of compliance with the terms of the Agreement brought to defendants' attention by plaintiffs before any application is made to the Court.  If, after reasonable efforts, the parties cannot resolve their differences, plaintiffs can seek appropriate judicial remedy, as follows:  In the event of any motion for systemic relief against any Government Defendant for its alleged non-compliance with the terms of the Agreement, said defendant shall be deemed to be in compliance therewith unless plaintiffs establish that said defendant's inadequate supervision

-7-

actually caused or was the moving force behind the alleged violation of plaintiffs' constitutional rights, and that said defendant's inadequate supervision rose to the level of "deliberate indifference" to plaintiffs' constitutional rights.

18. The Agreement, its terms and conditions, and the parties' obligations, rights and responsibilities thereunder and under Exhibits A though F hereto shall automatically expire two years after the "So Ordered" date.

19. The parties agree that plaintiffs will be paid $118,000 (one hundred and eighteen thousand dollars) in full satisfaction of the individual plaintiffs' claim for attorneys fees, costs and expenses as against the government defendants in this litigation, broken down as follows: from defendants The City of New York, Mattingly and Hernandez, $89,293; from defendants Ritter and Daines, $24,803; from defendant Sherman, $2,480; from defendant DeMarzo, $1,424; with interest to be paid at the statutory rate on any sums unpaid after ninety (90) days after this agreement is so ordered by the Court. The obligation of each Government Defendant or grouping of Government Defendants to pay such sums is individual and severable, not joint and several; a failure by one Government Defendant or grouping of Government Defendants to make such a payment shall not be construed as a failure by any other.



Dated:     New York, New York
                            , 2009

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION

By: _____

Arthur Eisenberg aeisenberg@nyclu.org
Beth Haroules bharoules@nyclu.org

Attorneys for Plaintiffs
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: (212) 607-3300

DEBORAH H. KARPATKIN

_____

Attorney for Plaintiffs
99 Park Avenue
Suite 1600
New York, NY 10016
dhkarpatkin@att.net
(646) 865-9930

MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York
Attorney for New York City Defendants
100 Church Street, Room 2-178
New York, New York 10007
Telephone: (212) 788-0933

By: _____

Jonathan Pines
Assistant Corporation Counsel
jpines@law.nyc.gov

-9-

NEW YORK CIVIL LIBERTIES UNION
FOUNDATION

By: _ _____

Arthur Eisenberg aeisenberg@nyclu.org
Beth Haroules bharoules@nyclu.org

Attorneys for Plaintiffs
125 Broad Street, 19th Floor
New York, New York 10004
Telephone: (212) 607-3300

DEBORAH H. KARPATKIN

_Deborah H. Karpatkin_

Attorney for Plaintiffs
99 Park Avenue
Suite 1600
New York, NY 10016
dhkarpatkin@att.net
(646) 865-9930

MICHAEL A. CARDOZO,

Corporation Counsel of the City of New York
Attorney for New York City Defendants
100 Church Street, Room 2-178
New York, New York 10007
Telephone: (212) 788-0933

By:_____
   Jonathan Pines
   Assistant Corporation Counsel
   jpines@law.nyc.gov

ANDREW M. CUOMO, ATTORNEY GENERAL

By:_____
        Leonard A. Cohen
        Deputy Attorney General

Attorneys for New York State Defendants
120 Broadway
New York, New York 10271
Telephone: (212) 416-8597

LORNA B. GOODMAN, NASSAU
COUNTY ATTORNEY

By:_____

        Jennean R. Rogers
        Deputy County Attorney

Attorneys for the Commissioner of the Nassau
  County Department of Social Services
One West Street
Mineola, New York 11501
Telephone: (516) 571-3933

CHRISTINE MALAFI, SUFFOLK
COUNTY ATTORNEY

By:_____

        Brian Callahan
        Assistant County Attorney

Attorneys for the Commissioner of the Suffolk
  County Department of Social Services
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
Telephone: (631) 853-4062

-10-

ANDREW M. CUOMO, ATTORNEY GENERAL

By:_____

Leonard A. Cohen
Deputy Attorney General

Attorneys for New York State Defendants
120 Broadway
New York, New York 10271
Telephone: (212) 416-8597

LORNA B. GOODMAN, NASSAU
COUNTY ATTORNEY

By:_____

Jennean R. Rogers
Deputy County Attorney

Attorneys for the Commissioner of the Nassau
 County Department of Social Services
One West Street
Mineola, New York 11501
Telephone: (516) 571-3933

CHRISTINE MALAFI, SUFFOLK
COUNTY ATTORNEY

By:_____

Brian Callahan
Assistant County Attorney

Attorneys for the Commissioner of the Suffolk
 County Department of Social Services
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
Telephone: (631) 853-4062

-10-

ANDREW M. CUOMO, ATTORNEY GENERAL

By:_____

Leonard A. Cohen
Deputy Attorney General

Attorneys for New York State Defendants
120 Broadway
New York, New York 10271
Telephone: (212) 416-8597

LORNA B. GOODMAN, NASSAU
COUNTY ATTORNEY

By:_____

Jennean R. Rogers
Deputy County Attorney

Attorneys for the Commissioner of the Nassau
County Department of Social Services
One West Street
Mineola, New York 11501
Telephone: (516) 571-3933

CHRISTINE MALAFI, SUFFOLK
COUNTY ATTORNEY

By:_____

Brian Callahan
Assistant County Attorney

Attorneys for the Commissioner of the Suffolk
County Department of Social Services
100 Veterans Memorial Highway
P.O. Box 6100
Hauppauge, New York 11788
Telephone: (631) 853-4062

-10-